IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY WERNARD WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION H-12-3401 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

### ORDER

Pending before the court is a motion for summary judgment filed by defendant United States of America. Dkt. 11. Plaintiff Jerry Wernard Williams has not responded. Under Southern District of Texas Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Having carefully considered the motion, supporting materials, and applicable law, the court is of the opinion that the United States of America's motion should be **GRANTED**.

### I. BACKGROUND

This is a tax refund dispute in which plaintiff Jerry Wernard Williams alleges that the Internal Revenue Service ("IRS"), an agent of the United States, wrongfully denied his refund claims for tax years 1999, 2000, and 2001. Dkt. 4 at 8. During these years, Williams had regular employment income taxes withheld from his salary by his employer, HUD, a federal executive agency. *Id.* at 3. Williams claims that he overpaid his income taxes for these tax years. *Id.* Williams filed administrative refund claims for the 1999, 2000, and 2001 taxable years on October 16, 2011, December 12, 2011, and October 6, 2011, respectively. On the Forms 1040, Williams claimed the following refunds, amounting to $5,938.69[1]: (1) $2,371.17 for the 1999 tax year; (2)

---

[1] The refund claim amounts alleged in Williams's complaint are different than those given in the Forms 1040. According to Williams's complaint, the amounts for these claimed refunds for the 1999, 2000, and 2001 taxable periods are $2,525.00, $2,172.00, and $765.00, respectively, totaling $5,462.00. Dkt. 4 at 8.

$2,802.03 for the 2000 tax year; and (3) $765.49 for the 2001 tax year. Dkt. 11-4 at 11, 17, 21. The IRS allegedly sent Williams notices disallowing each refund claim. Dkt. 4 at 5. Williams claims that he appealed the initial denial notices on the claims for the 1999 and 2000 tax years, and that the IRS subsequently issued final notices of administrative denials on September 7, 2012, and September 25, 2012, respectively.[2] *Id.*

Williams filed his complaint on November 16, 2012. Dkt.1. In addition to refunds for the 1999, 2000, and 2001 taxable periods amounting to $5,462.00, Williams seeks penalties and interest, prejudgment and post-judgment interest, and abatement of interest caused by the substitute audit deficiencies and/or volunteer audit deficiency assessments for the 1999, 2000, and 2001 taxable periods. Dkt. 4 at 9. Alternatively, Williams requests that the court suspend the limitations period and treat his refund claims as timely filed because of "financial disability circumstances" and "extraordinary circumstances beyond his control [that allegedly] prevented him from asserting his claims for a tax refund." Dkt. 4 at 7. These financial disability circumstances allegedly include (1) an "incapacity to manage his financial affairs during the period in question;" (2) a lack of access to financial records and employment records; and (3) not having "a spouse or other authorized person to act on his behalf along with other intervening impediment circumstances." *Id.* Finally, Williams contends that the United States, through the IRS, is "equitably estopped from asserting that his refund claim is untimely based upon his reliance, affirmative misconduct by the IRS, and misrepresentation by the IRS." *Id.*

The United States moves for summary judgment, contending that the court lacks jurisdiction to consider Williams's refund claims because they are barred by the applicable statute of limitations

---

[2] Williams did not submit an administrative request for review of the 2001 taxable year claim denial. *Id.* at 5.

under 26 U.S.C. § 6511 and that the court lacks jurisdiction to review the IRS's refusal to abate interest according to 26 U.S.C. § 6404(h). Dkt 8 at 1. The United States also asserts it was not properly served under Rule 4(i) of the Federal Rules of Civil Procedure. *Id.* at 1, 2. Williams did not respond to the summary judgment motion submitted by the United States.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; instead, there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). A fact issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the [nonmovant]." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the [nonmovant], there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986).

Under Rule 56, the movant party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986); *see also TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002);

*Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001) (quoting *Celotex*, 477 U.S. at 323).  If the movant makes this showing, the ultimate burden to avoid summary judgment shifts to the non-movant who "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial."  *Davis-Lynch, Inc., v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012).  The nonmovant's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by 'only a "scintilla" of evidence.'"  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal citations omitted).  "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted).

### III. ANALYSIS

The United States, as sovereign, is immune from suit.  *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767 (1941).  However, the United States has consented to suits by taxpayers in the district courts for the refund of any sum of federal tax alleged to have been excessive or wrongfully collected under the internal revenue laws.  *Weisbart v. U.S. Dep't of Treasury*, 222 F.3d 93, 94 (2d Cir. 2000).  "Because tax refund suits are actions in which the sovereign has waived its immunity and consented to be sued, statutory provisions governing such suits are strictly construed."  *Alexander v. United States*, 829 F. Supp. 199, 200-01 (N.D. Tex. 1993).  Where the requirements of the waiver of sovereign immunity have not been satisfied, a court lacks subject matter jurisdiction, and the action must be dismissed.  *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998).

To overcome sovereign immunity in a tax refund action, a taxpayer must file a claim for refund with the IRS within the time limits established by the Internal Revenue Code. *See* 26 U.S.C. § 7422(a) (2008); *United States v. Dalm*, 494 U.S. 596, 602, 110 S. Ct. 1361 (1990). A taxpayer's failure to timely file a claim for a refund with the IRS deprives the district court of subject matter jurisdiction. *Gustin v. United States*, 876 F.2d 485, 488 (5th Cir. 1989); *see also Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) (explaining that a timely refund claim is a jurisdictional prerequisite to a refund suit). Thus, the court must determine whether Williams timely filed his claims for refund with the IRS.

### A. Limitations Period under § 6511(b)(2)(A)

Under section 6511(a) of the Internal Revenue Code,

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. . . .

26 U.S.C. § 6511(a). Section 6511(b)(2)(A) states that if a refund claim is filed within three years of the date of filing the return, the amount of the refund is limited to "the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." *Id.* § 6511(b)(2)(A). Under section 6513(b)(1),

> Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

*Id.* § 6513(b)(1). The records submitted by the United States show that Williams did not claim tax refunds for the 1999, 2000, and 2001 tax years until October 16, 2011, December 12, 2011, and

5

October 6, 2011, respectively. Since Williams filed his refund claims no earlier than October 6, 2011, and no extension for filing the return was granted, he may recover only those taxes paid in the preceding three years; that is, any taxes paid on or after October 6, 2008. The taxes withheld from Williams's wages during the 1999, 2000, and 2001 tax years were by statute deemed to be paid on each April 15 of 2000, 2001, and 2002—well before the cut-off date of October 6, 2008. *See* 26 U.S.C. § 6513(b)(1). Therefore, Williams's refund claims regarding taxes for 1999, 2000, and 2001 are barred pursuant to section 6511(b)(2)(a).

**B.     Financial Disability Circumstances**

Williams argues that the limitations period to file a refund should be "overlooked" given "financial disability circumstances" and other "extraordinary circumstances beyond his control" that allegedly prevented him from making a timely refund claim. The court is of the opinion that a judicial determination of financial disability would be inappropriate.

Section 6511(h)(1) contains a "financially disabled" exception to the time limitations of § 6511(a)-(c). 26 U.S.C. § 6511(h)(1). To qualify for this exception, the individual taxpayer must be "unable to manage his financial affairs by reason of a medically determinable physical or mental impairment . . . . An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." *Id.* § 6511(h)(2)(A). To prove an impairment and suspend the limitations on refund claims, the Secretary requires "a written statement by a physician." Rev. Proc. 99-21, 1999-1 C.B. 960; *see Estate of Rubinstein v. United States*, 96 Fed. Cl. 640, 640 (Fed. Cl. 2011).

Williams failed to submit a doctor's note with the initial refund claim and during administrative appeal of the refund claim denial. *See* Dkt. 11-4. Thus, Williams did not comply

with Revenue Procedure 99-21. A number of courts have dismissed suits as time-barred under section 6511 because no claim of financial disability was supported by a physician's statement. *Abston v. Comm'r*, 691 F.3d 992 (8th Cir. 2012); *Jardine v. United States*, No. C12–1421RSL, 2013 WL 195674, at *2-3 (W.D. Wash. Jan. 17, 2013); *Pleconis v. IRS*, No. 09–5970, 2011 WL 3502057, at *5 (D.N.J. Aug. 10, 2011); *Henry v. United States*, No. 3:05-CV-1409-D, 2006 WL 3780878, at *4 (N.D. Tex. Dec. 26, 2006).

Williams's refund claim submissions provided no probative evidence as to any physical or mental state. *See* Dkt. 11-4. As far as the IRS was aware, there was no period of "financial disability" (as defined in the statute). The claim for refund a was therefore properly denied. *See id.* The court

> cannot deprive the United States of sovereign immunity where [ ]he has failed to produce a physician's medical opinion that [ ]he suffered from a physical impairment that prevented [him] from managing [his] financial affairs . . . and that specifies the period, as required by Revenue Procedure 99–21. [The taxpayer] has therefore failed to adduce evidence that would permit the finding that the limitations period was tolled under 26 U.S.C. § 6511(h). Because [his] refund claim is untimely, [ ]he has failed to fall within the statutory waiver of sovereign immunity, and the court lacks jurisdiction in this case.

*Henry*, 2006 WL 3780878, at *5.

The taxpayer's own opinion that he or she suffered a financial disability does not satisfy the procedural requirements of Revenue Procedure 99-21. "Numerous Supreme Court opinions hold that courts should construe statutes against waiver unless Congress has explicitly provided for it." *Peña v. United States*, 157 F.3d 984, 986 (5th Cir.1998) (citations omitted). "Consequently, no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued." *Lundeen*, 291 F.3d 300, 304

(5th Cir. 2002) (citing *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir.1998)). Hence, Williams may not bring his claim against the United States because it is time-barred under section 6511(b)(2)(A).[3]

### IV. CONCLUSION

The United States' motion for summary judgment (Dkt. 11) is **GRANTED**.

It is so ORDERED.

Signed at Houston, Texas on August 13, 2013.

                                Gray H. Miller
                             United States District Judge

---

[3] In the Prayer of Williams's complaint, Williams makes a vague request for an abatement of interest caused by the substitute audit deficiencies and volunteer audit deficiency assessment for the 1999, 2000, and 2001 taxable years. Dkt. 4 at 9. To the extent that Williams intended to assert a claim for abatement of interest, the court does not have jurisdiction of the claim based on the preceding arguments.